UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **KEON MONTEIRO,**<br><br>     Petitioner,<br><br>  v.<br><br>**COMMONWEALTH OF MASSACHUSETTS,**<br><br>     Respondent. | Case No. 23-cv-11609-DJC |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                              **August 30, 2024**

## I.   Introduction

Petitioner Keon Monteiro ("Monteiro"), proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging four grounds for relief (the "Petition"). D. 1. Respondent Commonwealth of Massachusetts (the "Commonwealth") moves to dismiss the Petition and argues that Monteiro has failed to exhaust his state-court remedies as to two of the four grounds for relief. D. 15. For the reasons discussed below, the Court ALLOWS the Commonwealth's motion to dismiss, D. 15, but gives Monteiro an opportunity to dismiss his unexhausted grounds and proceed with the Petition on the two remaining grounds.

## II.   Standard of Review

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal courts may review petitions for habeas petitions that have resulted in either a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "based on an unreasonable determination of the facts in light of the evidence

1

presented in the State court proceeding." 28 U.S.C. § 2254(d). As an initial matter, a petitioner must show that he has exhausted all of his state court remedies. Id. To carry the burden of proving exhaustion, Monteiro must demonstrate that he has "fairly and recognizably" presented his claim to the state's highest court, the Supreme Judicial Court in this case. Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000). The Court must determine whether the petitioner fairly presented the federal claim to the Supreme Judicial Court within the four corners of his application for further appellate review ("ALOFAR"). Adelson v. DiPaola, 131 F.3d 259, 263 (1st Cir. 1997) (noting that the ALOFAR is the "decisive pleading" to show exhaustion).

### III. Relevant Factual and Procedural Background

The following facts are primarily drawn from the Suffolk Superior Court's ruling on Monteiro's second motion for a new trial and the Massachusetts Appeals Court's opinion on the related appeal of his conviction and this motion.

On December 4, 2015, a jury found Monteiro guilty of two counts of murder in the second degree and unlawful possession of a firearm and the trial court sentenced him to concurrent terms of life imprisonment on the murder convictions (and four to five years on the firearm conviction). D. 15-2 at 1. The original trial judge (Roach, J.) was replaced during the course of the trial, with the assent of the parties, by another judge (Locke, J.). Id. On January 5, 2016, Monteiro filed his first motion for a new trial, arguing that a juror discussed his case during a prayer service prior to deliberations in violation of the court's instructions not to discuss the trial. Id. at 2. The court denied the motion on April 12, 2017, without an evidentiary hearing. Id. Monteiro did not appeal this denial. See D. 15-3 at 1; Commonwealth v. Monteiro, No. 19-P-1280, 2022 WL 2674229, at *1 (Mass. App. Ct. July 12, 2022) (unpublished).

On July 17, 2017, Monteiro filed his second motion for a new trial, arguing that the court erred in admitting evidence of Monteiro's alias, "Killa," witness testimony concerning evidence of consciousness of guilt and that his trial counsel was ineffective. D. 15-2 at 2, 11-14, 15-21. Prior to the hearing on the motion, Monteiro moved to have the case transferred back to the original trial judge. See D. 2 at 12-13; D. 15-1 at 20. Judge Locke denied the motion. D. 15-1 at 20. The trial court held an evidentiary hearing on November 16, 2018, and December 14, 2018, and subsequently denied the second motion for a new trial, reasoning that the trial court properly exercised its discretion in allowing evidence of the nickname, "Killa" and witness testimony concerning consciousness of guilt. D. 15-2 at 12-14; D. 15-1 at 20-21. The court further reasoned that Monteiro did not satisfy the standard of ineffective assistance of counsel because, among other reasons, there was no evidence that his trial strategy was "manifestly unreasonable" to warrant a basis for a new trial. See D. 15-2 at 14-22.

In a consolidated appeal from Monteiro's convictions and second motion for a new trial, the Massachusetts Appeals Court affirmed the Superior Court's ruling. D. 1-3 at 1; D. 15-3 at 1; Monteiro, 2022 WL 2674229, at *1. The appellate court noted that Monteiro did not appeal his first motion for a new trial and, therefore, the issues considered as to a motion for a new trial by the court only included whether the trial court erred by admitting evidence of Monteiro's nickname, "Killa," and consciousness of guilt, and whether trial counsel was ineffective. D. 1-3 at 1-2; D. 15-3 at 1; Monteiro, 2022 WL 2674229, at *1.

On August 1, 2022, Monteiro submitted an ALOFAR to the Supreme Judicial Court. D. 15-4 at 1, 24. In a section entitled "Statement of Prior Proceedings," the ALOFAR noted that Monteiro had filed a motion for a new trial "based on information that a juror had discussed the case at a prayer meeting" and that the motion was denied. Id. at 6. In a section entitled "Statement

Of The Issues With Respect To Which Monteiro Seeks Further Appellate Review," Monteiro urged the Supreme Judicial Court, first, to consider whether the decision to admit evidence of Monteiro's nickname "Killa" unfairly prejudiced Monteiro, second, to consider whether the trial judge properly admitted evidence of consciousness of guilt through threatening witnesses, and third, whether Monteiro's trial counsel's strategy was "manifestly unreasonable and counterproductive, costing Monteiro a chance of acquittal." Id. at 12-13. On September 12, 2022, the SJC denied the ALOFAR.[1]  See D. 2 at 5; Commonwealth v. Monteiro, 490 Mass. 1105, 1105 (2022).

On July 17, 2023, Monteiro filed this Petition asserting four grounds for relief: (1) the trial court failed to properly investigate the allegations of juror misconduct; (2) the trial court erred by admitting evidence of the use of Monteiro's alias, "Killa," during trial; (3) trial counsel was ineffective by failing to assert a "third party culprit" defense; and (4) Monteiro's appellate counsel provided ineffective assistance by failing to move to recuse Judge Locke. D. 2 at 7-14. The Commonwealth has moved to dismiss the Petition for failure to exhaust two of the claims in state court unless Monteiro voluntarily withdraws the two unexhausted claims. D. 16 at 1.

**IV.  Discussion**

    **A.  <u>Failure to Exhaust Grounds One and Four</u>**

The Commonwealth argues that the Petition should be dismissed because Monteiro did not exhaust Grounds One and Four as these claims were not fairly presented in the ALOFAR. D. 16 at 4-9. Monteiro concedes that Ground Four is not exhausted but maintains that Ground One is exhausted. D. 19 at 3, 10-11.

---

[1] Monteiro cites the date of the SJC's denial of his ALOFAR as August 12, 2022, but it appears that the correct date is September 12, 2022. See Monteiro, 490 Mass. at 1105.

"In recognition of the state court's important role in protecting constitutional rights. . . a federal court will not entertain an application for habeas relief unless the petitioner has fully exhausted his state remedies in respect to each and every claim [in the Petition]." Adelson, 131 F.3d at 261.  To satisfy the exhaustion requirement, "[i]t is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present – or do his best to present – the issue to the state's highest tribunal." Mele v. Fitchburg Dist. Ct., 850 F.2d 817, 820 (1st Cir. 1988).  "A claim is fairly presented when the petitioner has tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Sullivan v. Saba, 840 F. Supp. 2d 429, 434 (D. Mass. 2012) (internal quotations omitted) (citing Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007)).  To exhaust federal claims in state court, the federal nature of the claims must be indicated by:  "(1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution." Clements, 485 F.3d at 162.  If a habeas petition includes both exhausted and unexhausted claims, a federal court generally must dismiss the petition. Johnson v. Rodin, 926 F. Supp. 2d 394, 399 (D. Mass. 2013).  However, "[i]n some circumstances, a petitioner may delete his unexhausted claims and proceed only on his exhausted claims." Id. (internal citation and quotation marks omitted).

Here, Monteiro has not properly exhausted Ground One for relief.  Monteiro raised the issue of juror communication in his first motion for a new trial and never appealed the denial of

that decision.[2] See D. 1-3 at 1; D. 15-3 at 1; Monteiro, 2022 WL 2674229, at *1. In his ALOFAR to the Supreme Judicial Court, Monteiro only included a single mention to the jury communication issue in the background section under the title of "Statement of Prior Proceedings," but otherwise made no mention of the juror communication issue and did not include the issue under "Statement Of The Issues With Respect To Which Monteiro Seeks Further Appellate Review." D. 15-4 at 5-6, 12-13. Monteiro's presentation of the issue as a single sentence in the procedural background does not indicate that the issue was "fairly presented" to the Supreme Judicial Court. See Mele, 850 F.2d at 822 (reasoning that "an issue cannot be said to have been 'fairly presented' if the court is not given an opportunity to consider arguments on both sides of it"). As Monteiro was represented by counsel when he filed his ALOFAR and the ALOFAR explicitly included three grounds upon which he sought further review, Monteiro may not raise an issue in a prior motion for a new trial, decline to pursue the appeal, "abandon it in his ALOFAR, and then raise it again in his habeas petition; rather, in order to survive the exhaustion requirement, an issue must be raised 'within the four corners of the ALOFAR.'" See Gonsalves v. Thompson, 396 F. Supp. 2d 36, 40-41 (D. Mass. 2005) (internal citation omitted); see also Mele, 850 F.2d at 822 (reasoning that a claim is not "fairly presented" in an ALOFAR that has not been appealed because an "appellate court is entitled to assume that the parties are content with rulings to which no objection is timely noted and preserved"). Accordingly, Ground One is not exhausted.[3]

---

[2] It appears that Monteiro believes that he did raise Ground One in his subsequent appeal and the Massachusetts Appeals Court considered this ground in its July 12, 2022 decision, see D. 1 at 5-6, but the record belies same. Massachusetts Appeals Court only acknowledged that Monteiro had filed an initial motion for a new trial and "did not appeal from that order" but instead "filed a second motion for a new trial, based on ineffective assistance of counsel." See D. 15-3 at 1; Monteiro, 2022 WL 2674229, at *1.

[3] The Commonwealth further argues that even if Monteiro had exhausted Ground One, that claim is not cognizable on habeas review to the extent it is based on violations of state law. D. 16 at 7-

Monteiro's Ground Four fares no better. Monteiro concedes that he did not include Ground Four in his ALOFAR or otherwise present the claim in state court but claims that he did not become aware of the issue until after his direct appeal had already been denied. See D. 1 at 10. However, it is well-established that claims presented for the first time in a habeas petition and "claims omitted from an ALOFAR (or similar petition) are unexhausted." See Clements, 485 F.3d at 168 (holding that claims that were omitted from the ALOFAR were not exhausted); Sanabria v. Medeiros, No. 17-cv-12130-PBS, 2018 WL 4268892, at *2 (D. Mass. Sept. 5, 2018) (holding that claim for ineffective assistance of counsel presented for the first time in petitioner's habeas petition was unexhausted because petitioner "was obliged to bring it before the SJC" to preserve habeas review). Monteiro does not explain why he could not have exhausted this claim by filing a motion for new trial on this basis before this Petition. Gunter v. Maloney, 291 F.3d 74, 82 (1st Cir. 2002) (concluding that there was no exhaustion of an ineffective assistance of counsel claim "where the clam has not been fairly presented on direct appeal, as happened here, it should be fairly presented to the state court through a motion for collateral relief"). Given this record and Monteiro's acknowledgement that this ground was not exhausted, D. 19 at 10-11, the Court holds that Ground Four is not exhausted.

### B. Stay and Abeyance

Although Monteiro has not requested a stay, the Commonwealth has also argued that Monteiro is not entitled to a stay to return to state court to exhaust these two claims. D. 16 at 1, 9-11. A court should only stay resolution of exhausted claims and hold a petition in abeyance "in limited circumstances." Rhines v. Weber, 544 U.S. 269, 277 (2005). "[T]o obtain a stay of a

---

8. Given the Court's holding that Ground One is not exhausted, the Court does not address the Commonwealth's alternative argument.

7

mixed petition, the petitioner must show that there was good cause for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." Josselyn v. Dennehy, 475 F.3d 1, 4 (1st Cir. 2007) (internal quotation marks omitted) (citing Rhines, 544 U.S. at 278).

 The Court agrees that a stay is not appropriate because Monteiro cannot meet even the first requirement of good cause. Monteiro appears to argue that his *pro se* status in the habeas proceedings meets the good cause requirement for a stay. D. 19 at 9-10. A "petitioner's *pro se* status, as well as his attributes, skill sets, and circumstances" must factor into the good-cause determination, but a petitioner's *pro se* status in filing his habeas petition, in and of itself, cannot establish good cause. See Sena v. Kenneway, 997 F.3d 378, 387 (1st Cir. 2021) (concluding that a stay was inappropriate to exhaust an ineffective assistance of appellate counsel claim because *pro se* petitioner's delay in seeking state court relief did not demonstrate good cause); Sullivan, 840 F. Supp. 2d at 437 (reasoning that petitioner's *pro se* status when he filed the habeas petition does not constitute good cause and does not excuse petitioner from the exhaustion requirement). The Court notes that the application of a more lenient good cause standard to a *pro se* petitioner is also not implicated here because Monteiro was represented by counsel in his state court proceedings. See Josselyn, 475 F.3d at 5 n.3; Womack v. Saba, No. 11-cv-40138-FDS, 2012 WL 685888, *3 (D. Mass. Mar. 1, 2012) (holding that petitioners "*pro se* status during federal habeas proceedings, without more, does not constitute good cause warranting a stay and abeyance" where petitioner was represented by counsel during state court proceedings).

 Moreover, as to Ground One, Monteiro does not provide any basis to substantiate good cause for not pursuing this claim on appeal. The First Circuit has held that "the intentional decision to omit some claims from the ALOFAR cannot amount to good cause." Clements, 485 F.3d at

8

170 (affirming denial of stay for claims that were intentionally omitted from the ALOFAR); Sullivan, 840 F. Supp. 2d at 437 (reasoning that an appellant attorney's decision to omit certain claims from an ALOFAR whether the product of strategic decision making, ignorance or mistake, does not constitute good cause).  Accordingly, Monteiro cannot establish good cause as to Ground One.

As to Ground Four, Monteiro asserts that he did not exhaust this claim because did not learn of the basis for the claim until after his ALOFAR was denied.  D. 1 at 10.  "The discovery of new information following direct appeal will not always constitute good cause."  Wilkerson v. Massachusetts, 605 F. Supp. 3d 178, 197 (D. Mass. 2022).  Also, this is not a case where Monteiro had the same counsel for his second motion for a new trial (represented by Attorneys Bailey and Lanza, D. 15-1 at 2, 19), for which he complains of ineffective assistance of counsel, and his ALOFAR (filed by Attorney Billowitz), where one could expect appellate counsel not to raise his own ineffectiveness.  See Durand v. Goguen, 388 F. Supp. 3d 54, 60 (D. Mass. 2019).  Even so, the issue about potential grounds for recusal of Judge Locke were raised on the first day of the hearing on Monteiro's second motion for new trial on November 16, 2018.  See D. 1-4 ¶ 19; D. 15-1 at 20.  About four years later on August 1, 2022, he filed the ALOFAR through different counsel, and then almost another year lapsed before he filed this Petition in July 2023.  See D. 1; D. 2 at 5; D. 15-4.  Monteiro does not provide any basis for why he could not have discovered Ground Four earlier, as it was stated on the record and knowable by the end of 2018, and why he could not have returned to state court to exhaust his ineffectiveness of counsel claim before filing this Petition.[4]  See Durand, 388 F. Supp. 3d at 60-61 (reasoning that a stay was inappropriate

---

[4] Wilkerson v. Massachusetts, 605 F. Supp. 3d at 195-97, cited by Monteiro, does not compel a different result.  In Wilkerson, the court reasoned that a *pro se* petitioner's diligence in attempting to obtain counsel to present his claims for exhaustion indicated good cause for a stay to allow the

because petitioner could not show good cause for failing to exhaust ineffective appellate counsel claims); Watt v. Marchilli, 217 F. Supp. 3d 434, 440-41 (D. Mass. 2016) (reasoning that petitioner did not have good cause for not timely presenting his claims in state court because the information that he claims was new were previously known or knowable to him).  Accordingly, Monteiro cannot show good cause and a stay is, therefore, unwarranted.

A Court may not move forward on a "mixed petition," that is, where like here, a petition includes both exhausted and unexhausted claims.  See Sullivan, 840 F. Supp. 2d at 433 (recognizing that a court "has the discretion to deny, but not grant, a mixed petition").  Even where a Court finds that such stay and abeyance is inappropriate, the Court may allow a petitioner to dismiss unexhausted claims from the Petition and proceed with the exhausted claims.  Martinez v. Ryan, 346 F. Supp. 3d 203, 210-11 (D. Mass. 2018) (citing Rhines, 544 U.S. at 278).  Accordingly, Monteiro may choose to dismiss Grounds One and Four, which are not exhausted, and proceed with the remainder of his claims (Grounds Two and Three).  The entire Petition, therefore, will be dismissed unless Monteiro voluntarily dismisses the unexhausted claims (Grounds One and Four) and indicates that he seeks to proceed with the remaining claims by September 30, 2024.

**V.  Conclusion**

For the foregoing reasons, the Court will ALLOW the motion to dismiss the Petition, D. 15, and the Court will dismiss the Petition in its entirety unless on or before September 30, 2024,

---

petitioner to exhaust his ineffective assistance of counsel claims based on newly discovered evidence. See Wilkerson, 605 F. Supp. 3d at 195-97.  Unlike Wilkerson where the petitioner had moved to stay to exhaust his claims, already filed a motion for a new trial prior to filing his habeas petition, had actively tried to obtain further counsel to exhaust his claims and had demonstrated that he lacked the information, legal skills and resources to exhaust his claims, id. at 194-97, the record here does not reflect similar efforts or circumstances.

Monteiro files notice with this Court voluntarily dismissing the unexhausted claims (Grounds One and Four) and seeking to proceed with the remaining, exhausted claims (Grounds Two and Three).

**So Ordered.**

/s Denise J. Casper
United States District Judge
